**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| Deante D Liddell, | ) | **JURY TRIAL DEMANDED** |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | Case No. 1:25-cv-01139 |
| Kimberly M Foxx, Abbey Fishman-Romanek, | ) | |
| and the Illinois Department of Healthcare | ) | |
| & Family Services, | ) | |
| Defendants. | ) | |

**AMENDED COMPLAINT UNDER THE CIVIL RIGHTS ACT,**
**TITLE 42, SECTION 1983 U.S. Code (state, county, or municipal defendants)**

Plaintiff Deante D Liddell, for his complaint against Defendants Abbey Romanek-Fishman, Kim

Foxx, and the Illinois Department of Healthcare and Family Services, states as follows:

**SUMMARY**

**1. Violation of Civil Rights and Equal Protection** The Plaintiff, Deante Liddell, asserts that the

Defendant(s), officials of the Illinois Department of Healthcare and Family Services (IDHFS), violated

civil rights and the Equal Protection Clause under the 14th Amendment of the United States Constitution.

The Plaintiff contends that:

- IDHFS imposed **unjustified and unlawful conditions** on the Plaintiff, which resulted in

  violations of procedural and substantive due process rights.

- The actions of the Defendant(s) resulted in **discriminatory treatment**, as the Plaintiff was denied

  protections afforded to similarly situated individuals. This constitutes a violation of the Equal

  Protection Clause of the 14th Amendment, which guarantees all individuals equal treatment under

  the law.

- Title 89 - 20.10 of the Illinois Administrative Code outlines protections and obligations for individuals classified as "Responsible Relatives" in Title IV-D cases. The Defendant(s) failed to adhere to these legal standards, depriving the Plaintiff of protections under Illinois law.

**Harm Suffered**: The Plaintiff suffered significant harm, including wrongful imprisonment, emotional distress, unlawful seizure of property, and impairment of rights guaranteed by Illinois law and the U.S. Constitution.

**2. Breach of Foundational Doctrines** The actions of the Defendant(s) violated several foundational constitutional doctrines, including:

**A. The Unconstitutional Conditions Doctrine** This doctrine prohibits the government from coercing individuals into waiving their constitutional rights in exchange for receiving benefits.

- In this case, the Defendant(s) **coerced** the Plaintiff into surrendering rights under 750 ILCS 5/505 to secure financial support on behalf of a client requesting Title IV-D benefits.
- By requiring the Plaintiff to forfeit these rights to participate in the federally funded program, the Defendant(s) breached the protections guaranteed by both state and federal law.

**B. The Ex Parte Young Doctrine** Under the Ex Parte Young Doctrine, state officials may be held **individually accountable** for unconstitutional actions taken in their official capacities.

- Acting under color of state law, the Defendant(s) engaged in conduct that directly harmed the Plaintiff, including imposing unlawful conditions and enforcing policies in violation of both constitutional and statutory protections.

**3. Violation of the Peonage Act** The Defendant's actions amount to a violation of the **Peonage Abolition Act of 1867**, which prohibits holding individuals in involuntary servitude to repay a debt. The Plaintiff was subjected to enforcement mechanisms that effectively constitute peonage:

- **Wrongful Imprisonment**: The Defendant(s) utilized incarceration as a means to compel compliance, even when the Plaintiff lacked the financial means to meet the imposed obligations.

- **Coerced Compliance**: Such practices align with the definition of involuntary servitude, as they involve forcing individuals to work or pay under threat of penalty. These actions are contrary to established legal precedents, including **Bailey v. Alabama (1911)**, which held that coercive debt enforcement violates the 13th Amendment.

**4. Misappropriation of Federal Funds and Incentivized Payments** The Plaintiff also alleges that the Defendant(s) misappropriated federal funds provided under **Title IV-D of the Social Security Act**. This misappropriation includes:

- Diverting funds meant for the administration of child support enforcement to purposes unrelated to the program's objectives.

- Leveraging **federally incentivized payment structures** to prioritize aggressive enforcement actions, often at the expense of due process and fairness. The Defendant(s)' motive for unconstitutional actions is rooted in the Title IV-D incentive payment program, which rewards states financially based on enforcement outcomes.
  - These incentives encourage the establishment and enforcement of child support orders, even when the obligor's ability to pay is questionable or the enforcement violates constitutional safeguards.
  - By prioritizing revenue generation over compliance with legal and constitutional standards, the Defendant(s) acted in bad faith and failed to fulfill their fiduciary duties.

**5. Violation of Oath of Office** The Plaintiff also highlights the incompetence and misconduct of the presiding judge and assistant state's attorney, who demonstrated a failure to uphold both Illinois Administrative Law and the U.S. Constitution. Despite being notified of these issues through several court-filed motions:

- The officials continued to disregard procedural and substantive legal requirements, thereby violating their oaths to uphold the law.
- Their negligence further compounded the harm experienced by the Plaintiff, contributing to the deprivation of rights and protections.

## CONCLUSION

The actions of the Defendant(s) violate multiple legal doctrines and statutory protections, including:

- The **14th Amendment** (due process and equal protection).
- The **Unconstitutional Conditions Doctrine** (coercion to waive constitutional rights).
- The **Ex Parte Young Doctrine** (personal accountability for unconstitutional actions).
- The **Peonage Abolition Act of 1867** (prohibition of debt-based servitude).

The Plaintiff respectfully seeks redress under **42 U.S.C. § 1983**, which provides a federal remedy for the violation of constitutional and statutory rights by state officials.

## PRAYER FOR RELIEF

1. A declaration that the Defendant's actions were unlawful.
2. An injunction preventing further violations.
3. A full investigation into the misappropriation of Title IV-D funds and reforms to ensure compliance with constitutional protections and ethical standards.

## JURY TRIAL DEMAND

The Plaintiff demands a jury trial, according to the Seventh Amendment to the Constitution of the United States, as to all claims for relief.

CERTIFICATION

By signing this Complaint, I certify that the facts stated in this Complaint are true to the best of my knowledge, information, and belief. I understand that if this certification is not correct, I may be subject to sanctions by the Court. Signed this ____16th____day of ___March____, 20_25____

_____
Signature of Plaintiff

Deante D Liddell
_____
Print Name

735 N Pine Avenue Chicago, Illinois 60644
_____
_____
Address